UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALLEN BELL, a/k/a ALLEN WALKER,

                                                          **COMPLAINT AND JURY DEMAND**

                                Plaintiff,

   -against-                                      ECF CASE
                                                          Docket No.
CITY OF NEW YORK, individually and in their official
capacities as New York City police officers, JACLYN
RODNEY, HELIN MARTE and JOHN or JANE DOE
1-10,

                                Defendants.

-------------------------------------------------------------------X

Plaintiff, Allen Bell, by and through the undersigned attorneys, Sim & DePaola, LLP, for his complaint against the Defendants, CITY OF NEW YORK, individually and in their official capacities as New York City police officers, JACLYN RODNEY, HELIN MARTE and JOHN or JANE DOE 1-10, alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. These claims arise from two similar but distinct incidents, with the first occurring on, or about, February 10, 2018, in which defendants, acting under color of state law, unlawfully arrested and detained Mr. Bell. Mr. Bell was subsequently maliciously prosecuted under the name Allen Walker, from the date of his arraignment on February 11, 2018, until all charges were dismissed and sealed on August 1, 2018.

3. The above referenced acts caused Mr. Bell to be deprived of his liberty and to sustain various emotional and physical injuries. Mr. Bell was wrongfully detained and incarcerated for approximately seventeen (17) hours, from the date of his arrest, up and until his release from arraignments in New York County Criminal Court on or about February 11, 2018.

4. These claims further arise from a second incident that occurred on, or about, February 23, 2018, in which defendants, acting under color of state law, again unlawfully arrested and detained Mr. Bell. Mr. Bell was again maliciously prosecuted from the date of his arraignment, on February 24, 2018, until all charges were dismissed and sealed on August 1, 2018.

5. The above referenced acts, arising from the second identified incident, caused Mr. Bell to be deprived of his liberty and to sustain various emotional and physical injuries. Mr. Bell was wrongfully detained and incarcerated for approximately twenty-three (23) hours, from the date of his arrest, up to and until his release from arraignments in New York County Criminal Court, on or about, February 24, 2018.

6. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

7. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

8. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

9.     Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

10.    Plaintiff, Allen Bell ("Mr. Bell"), resides in Kings, County and State of New York.

11.    The Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

12.    At all times relevant hereto, Defendant City, acting through the New York City Police Department ( "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

13.    In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

14.    Defendant, Jaclyn Rodney ("Rodney") was, at all relevant times herein, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Rodney was, at all relevant times herein, a Police Officer under Shield No. 21628 in Housing Bureau PSA-5, located at 221 E. 123rd Street, New York, NY 10035. Defendant Rodney is being sued in his or her individual and official capacities.

15.    Defendant, Helin Marte ("Marte") was, at all relevant times herein, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee

of the City of New York. Defendant Marte was, at all relevant times herein, a police officer under shield # 7937 Housing Bureau PSA-5, located at 221 E. 123rd Street, New York, NY 10035. Defendant Marte is being sued in his or her individual and official capacities.

16. At all relevant times, Defendants John or Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the true names or tax registry numbers John or Jane Doe 1 through 10, but believes such knowledge is within possession of the defendants.

17. At all relevant times herein, Defendants John or Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD. Defendants John or Jane Doe 1 through 10 are being sued in their individual and official capacities.

18. At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

19. Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim on or about October 30, 2018 with the New York City Office of the Comptroller.

20. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

21. Plaintiff has complied with municipal defendant's request for an oral examination pursuant to Section 50-H of the New York General Municipal Law.

22. This action has been commenced within one year and ninety days from the relevant accrual dates.

## **FACTUAL CHARGES**

23. On February 10, 2018, at approximately 5:00 p.m., Mr. Bell went to 1760 Lexington Avenue, New York, New York to visit a friend who lived in the building.

24. Mr. Bell was waiting for this friend in the lobby of 1760 Lexington Avenue, New York, New York, when he was approached by Defendant Marte and other unidentified NYPD officers.

25. Defendant Marte and other unidentified defendants approached Mr. Bell and asked what he was doing in the lobby.

26. Defendant Marte then placed Mr. Bell in handcuffs without verifying that Mr. Bell was an invited guest or visitor of a resident of the building or a resident himself.

27. Mr. Bell was then forcibly detained, while handcuffed and under arrest, Mr. Bell was subjected to an illegal search on a public sidewalk.

28. Said search yielded nothing of probative value related to his unlawful arrest and detention, such as contraband of any kind.

29. Upon information and belief, Mr. Bell asserts that it is the custom, pattern and practice of Defendant City's police officer employees to place individuals suspected of trespassing under arrest and in handcuffs before probable cause has attached by confirming that said individuals are not actually guests of persons residing at the location.

30. Mr. Bell was then placed in a police van and taken to the PSA-5 Precinct.

31. Upon arrival at the PSA-5 Precinct, Mr. Bell was criminally processed, which included a search of Mr. Bell's person. Once again, said search yielded nothing of probative value.

32. Mr. Bell was then transferred to New York County Criminal Court, where he was held until he was arraigned on the charges of Criminal Trespass in the Third Degree and Loitering.

33.     The accusatory instrument, also referred to as a Criminal Court Complaint, was signed by Defendant Marte.

34.     Defendant Marte swore, under the penalties of perjury that she observed Mr. Bell inside the lobby of 1760 Lexington Avenue, New York, and that Mr. Bell was not an invited guest in that he was unable to provide the identity of a resident for whom Mr. Bell was an invited guest.

35.     Mr. Bell vehemently denies that he was unable to provide the identity of the resident he was visiting, and asserts that Defendants, including Marte, arrested and detained him with the full knowledge that he was not committing a unlawful trespass and had committed no crimes or violations of the law.

36.     Mr. Bell further asserts that Defendants, including Marte, despite their knowledge that he committed no crimes or arrestable offenses, proceeded to intentionally, knowingly and maliciously provide the District Attorney's Office with the aforementioned false information, so that a criminal prosecution would be initiated against him.

37.     Mr. Bell, therefore, asserts that due to the glaring and pervasive absence of any viable probable cause to warrant his detention and prosecution, at any point, he was unlawfully detained from the moment he was handcuffed by Defendant Marte, up to his release on his own recognizance at arraignments, and maliciously prosecuted from his release at arraignment up to the dismissal of all charges on August 1, 2018.

38.     On February 23, 2018, at approximately 9:35 p.m., Mr. Bell went to 1760 Lexington Avenue, New York, New York to visit a friend who lived in the building. He was waiting for this friend in the lobby of 1760 Lexington Avenue, New York, NY, when he was approached by Defendant Rodney.

39. Immediately after approaching Mr. Bell, Defendant Rodney inquired as to whether Mr. Bell knew any one in the building.

40. Mr. Bell replied that he was waiting for his friend who resides in 1760 Lexington Avenue, New York, NY.

41. Defendant Rodney then placed Mr. Bell in handcuffs, without ever verifying or confirming that Mr. Bell was not an invited guest or an otherwise legitimate visitor of the building.

42. Mr. Bell was then forcibly detained, while handcuffed and under arrest, Mr. Bell was subjected to an illegal search on a public sidewalk.

43. Said search yielded nothing of probative value related to his unlawful arrest and detention, such as contraband of any kind.

44. Upon information and belief, Mr. Bell asserts that it is the custom, pattern and practice of Defendant City's police officer employees to place individuals suspected of trespassing under arrest and in handcuffs before probable cause has attached by confirming that said individuals are not actually guests of persons residing at the location.

45. Upon information and belief, it is the custom, policy, or pattern and practice of the NYPD to arrest individuals in buildings for trespassing without ever confirming said individuals' true status as guests or residents of the subject building.

46. Mr. Bell was then placed in a police van and taken to the PSA-5 Precinct.

47. Upon arrival at the PSA-5 Precinct, Mr. Bell was criminally processed, which included a search of Mr. Bell's person. Once again, said search yielded nothing of probative value.

48. Mr. Bell was then transferred to New York County Criminal Court, where he was held until he was arraigned on the charges of Criminal Trespass in the Third Degree and Loitering.

49. The accusatory instrument, also referred to as a Criminal Court Complaint, was signed by Defendant Rodney. Defendant Rodney swore, under the penalties of perjury that she observed Mr. Bell inside the lobby of 1760 Lexington Avenue, New York, New York throwing dice on the floor and that Mr. Bell was not an invited guest in that he was unable to provide the identity of a resident for whom Mr. Bell was an invited guest.

50. Mr. Bell vehemently denies that the he was throwing dice and that he was unable to provide the identity of the resident he was visiting, and asserts that Defendants, including Rodney arrested and detained him with the full knowledge that he committed no crimes or violations of the law.

51. Mr. Bell further asserts that Defendants, despite their knowledge that he committed no crimes or arrestable offenses, proceeded to intentionally, knowingly and maliciously provide the District Attorney's Office with the aforementioned false information, so that a criminal prosecution would be initiated against him.

52. Mr. Bell, therefore, asserts that due to the glaring and pervasive absence of any viable probable cause to warrant his detention and prosecution, at any point, he was unlawfully detained from the moment he was handcuffed by Defendant Rodney, up to his release on his own recognizance at arraignments, and maliciously prosecuted from his release at arraignment up to the dismissal of all charges on August 1, 2018.

53. Mr. Bell also asserts that his rights, under the United States Constitution and the laws of the State of New York, were further violated, even after his release from arraignment. Mr. Bell's assertion is based on his having to return to court over the course of six months, which imposed restrictions on his liberty and freedom of movement. These gratuitous infringements persisted until the dismissal of Mr. Bell's criminal cases on August 1, 2018.

54. At all times relevant hereto, the Defendants Rodney and Marte were involved in the decisions to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause.

55. At all times relevant hereto, the Defendants, including Rodney and Marte acted maliciously and with intent to injure Plaintiff.

56. At all times relevant hereto, the Defendants, including Rodney and Marte engaged in fraud, perjury, the suppression of evidence and other actions conducted in bad faith, or failed to intervene when defendants observed others doing so, all in furtherance of Plaintiff's malicious criminal prosecution.

57. As a direct and proximate result of the acts of Defendants, including Rodney and Marte, Plaintiff sustained the following injuries and damages: deprivations of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violations of the laws and Constitution of the State of New York, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

### FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

58. Plaintiff re-alleges and re-avers Paragraph 1 through 57 of this Complaint as if fully set forth herein.

59. Defendants subjected Plaintiff to false arrests, false imprisonment, and deprivation of liberty without probable cause.

60. Plaintiff was conscious of his confinement.

61. Plaintiff did not consent to his confinement.

62. Plaintiff's arrest and false imprisonment was not otherwise privileged.

63. Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

65. Plaintiff re-alleges and re-avers Paragraph 1 through 64 of this Complaint as if fully set forth herein.

66. At all relevant times, the Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

67. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

68. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Assault and Battery Under
New York State Law

70. Plaintiff re-alleges and re-avers Paragraph 1 through 69 of this Complaint as if fully set forth herein.

71. At all relevant times, Defendants caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

72. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent or justification.

73. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

74. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

75. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

76. Plaintiff re-alleges and re-avers Paragraph 1 through 75 of this Complaint as if fully set forth herein.

77. The Defendants violated Plaintiff's rights under the Fourth and Fourteen Amendments, because they used unreasonable force without Plaintiff's consent.

78. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

79. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

80.     Plaintiff re-alleges and re-avers Paragraph 1 through 79 of this Complaint as if fully set forth herein.

81.     Defendants initiated the prosecutions against Plaintiff.

82.     Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecutions would succeed.

83.     Defendants acted with malice.

84.     In the absence of probable cause, malice may be inferred.

85.     The prosecutions were terminated in Plaintiff's favor.

86.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered significant damages.

87.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

88.     As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

89.     Plaintiff re-alleges and re-avers Paragraph 1 through 88 of this Complaint as if fully set forth herein.

90.     Defendants initiated the prosecutions against Plaintiff.

91.     Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecutions would succeed.

92.     Defendants acted with malice.

93.     The prosecutions were terminated in Plaintiff's favor.

94. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by causing Plaintiff to return to court after his arraignment and and until the matter was dismissed.

95. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

96. Plaintiff re-alleges and re-avers Paragraph 1 through 95 of this Complaint as if fully set forth herein.

97. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

98. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

99. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

100. Plaintiff re-alleges and re-avers Paragraph 1 through 99 of this Complaint as if fully set forth herein.

101. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

102. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

103. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

104. Plaintiff re-alleges and re-avers Paragraph 1 through 103 of this Complaint as if fully set forth herein.

105. Defendants unlawfully arrested, detained, and caused prosecutions to be initiated against Plaintiff, in a blatant attempt to obtain additional arrest credits and overtime compensation at the increased rate of time and one-half.

106. Defendants had no excuse or justification to arrest, detain and initiate a prosecution against Plaintiff.

107. Defendants intended to inflict substantial harm upon Plaintiff.

108. Defendants' unlawful acts and subversion of the legal process were committed in furtherance of their own self-preservation, so that they could conceal their immense incompetence and gross deviation from proper police procedures.

109. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

110. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

111. Plaintiff re-alleges and re-avers Paragraph 1 through 110 of this Complaint as if fully set forth herein.

112. Defendants unlawfully arrested, detained, and caused a prosecution to be initiated against Plaintiff in a self-serving effort to avoid the negative consequences they would have otherwise incurred by releasing Plaintiff, when they realized that they had arrested an innocent man. Defendants had no excuse or justification to further detain and question Plaintiff, especially without his attorney present and with the absence of any cognizable probable cause.

113. Defendants intended to inflict substantial harm upon Plaintiff.

114. Defendants' unlawful acts and subversion of the legal process were committed in furtherance of their own self-preservation, so that they could conceal their immense incompetence and gross deviation from proper police procedures.

115. Defendants' actions deprived Plaintiff of his right to be free from illegal searches and seizures, as well as his right not to be deprived of his liberty without due process of law.

116. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Negligent Hiring, Retention and Supervision Under
New York State Law

117. Plaintiff re-alleges and re-avers Paragraph 1 through 116 of this Complaint as if fully set forth herein.

118. Defendant City owed a duty of care to Plaintiff to adequately hire, retain and supervise its employee defendants.

119. Defendant City breached that duty of care.

120. Defendant City placed defendants in a position where they could inflict foreseeable harm.

121. Defendant City knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

122. Defendant City failed to take reasonable measures in hiring, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

123. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TWELFTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

124. Plaintiff re-alleges and re-avers Paragraph 1 through 122 of this Complaint as if fully set forth herein.

125. Defendant City maintained a policy, custom or practice that caused Plaintiff to be deprived of his Constitutional right to free from illegal searches and seizures.

126. Defendant City's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising policy maker must have been aware of.

127. Defendant City's policymakers failed to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with Defendant City's employees.

128. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)  In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)  Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)  Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: June 21, 2019

Respectfully submitted,

_S/ Samuel C. DePaola_
*Samuel C. DePaola, Esq.*
Bar Number: SD0622
*Attorneys for Mr. Bell*
Sim & DePaola, LLP
4240 Bell Blvd., Suite 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
sdepaola@simdepaola.com