UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

ALLEN BELL, a/k/a ALLEN WALKER,

                         Plaintiff,

          -against-

CITY OF NEW YORK, individually and in their official capacities as New York City police officers, JACLYN RODNEY, HELIN MARTE and JOHN or JANE DOE 1-10,

                        Defendants.

------------------------------------------------------ x

**ANSWER**

**JURY TRIAL DEMANDED**

19 Civ. 5868 (NRB)

          Defendants, City of New York ("City"), Jaclyn Rodney, and Helin Marte, by their attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, as and for their answer to the Complaint, filed June 21, 2019 (the "Complaint") respectfully allege, upon information and belief, as follows:

          1.       Deny the allegations in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed and seek relief as stated therein.

          2.       Deny the allegations in paragraph "2" of the Complaint, except admit, upon information and belief that plaintiff was arrested on or about February 10, 2018, under the name Allen Walker.

          3.       Deny the allegations in paragraph "3" of the Complaint, except admit, upon information and belief, that plaintiff was released from New York County Criminal Court on or about February 11, 2018.

          4.       Deny the allegations in paragraph "4" of the Complaint, except admit, upon

information and belief, that plaintiff was arrested on or about February 23, 2018; defendants further deny knowledge or information sufficient to form a belief as to truth of the allegations pertaining to the disposition of the criminal prosecution against plaintiff.

5.     Deny the allegations in paragraph "5" of the Complaint, except admit, upon information and belief, that plaintiff was released from New York County Criminal Court on or about February 24, 2018.

6.     Deny the allegations in paragraph "6" of the Complaint, except admit that plaintiff purports to proceed and seek relief as stated therein.

7.     Deny the allegations in paragraph "7" of the Complaint.

8.     Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.     In response to paragraph "11" of the Complaint, admit only that the City is, and was on February 10, 2018 and February 23, 2018, a municipal corporation incorporated under the laws of the State of New York.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that the City is, and was on February 10, 2018 and February 23, 2018, a municipal corporation incorporated under the laws of the State of New York, and that the City maintains a police department, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

13.     Paragraph "13" of the Complaint contains legal conclusions rather than

- 2 -

averments of fact, and accordingly, no response is required.

14.     Admit only that Jaclyn Rodney is, and was on February 10, 2018 and February 23, 2018, employed by the City as a police officer as set forth in paragraph "14" of the Complaint; however, the remainder of the paragraph contains legal conclusions to which no response is required.

15.     Admit only that Helin Marte is, and was on February 10, 2018 and February 23, 2018, employed by the City as a police officer as set forth in paragraph "15" of the Complaint; however, the remainder of the paragraph contains legal conclusions to which no response is required.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Paragraph "18" of the Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit, upon information and belief, that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that the claim has not been settled or otherwise adjusted.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that a hearing pursuant to G.M.L. § 50-h was held.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Deny knowledge and information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "24" of the Complaint.

25.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.    Deny the allegations set forth in paragraph "26" of the Complaint.

27.    Deny the allegations set forth in paragraph "27" of the Complaint.

28.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint, except admit, upon information and belief, that no "contraband" was recovered.

29.    Deny the allegations in paragraph "29" of the Complaint.

30.    Deny the allegations set forth in paragraph "30" of the Complaint, except admit that plaintiff was transported to a police precinct following his arrest on February 10, 2018.

31.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, except admits that plaintiff was transported to New York County Criminal Court on or about February 11, 2018.

33.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, however, refer the Court to the cited Criminal Court Complaint for a full and accurate recitation of its contents.

35.    Deny the allegations set forth in paragraph "35" of the Complaint.

36.    Deny the allegations set forth in paragraph "36" of the Complaint.

37.    Deny the allegations set forth in paragraph "37" of the Complaint.

38.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41.    Deny the allegations set forth in paragraph "41" of the Complaint.

42.    Deny the allegations set forth in paragraph "42" of the Complaint.

43.    Deny the allegations set forth in paragraph "43" of the Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

45.    Deny the allegations set forth in paragraph "45" of the Complaint.

46.    Deny the allegations set forth in paragraph "46" of the Complaint, except admit that plaintiff was transported to a police precinct following his arrest on February 23, 2018.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint, except admit that plaintiff was transported to New York County Criminal Court on or about February 24, 2018.

49.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint, and further refer the Court to the cited Criminal Court Complaint for a full and accurate recitation of its contents.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    Deny the allegations set forth in paragraph "51" of the Complaint.

52.    Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Paragraph "53" of the Complaint contains conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

54.     Deny the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint.

58.     In response to the allegations set forth in paragraph "58" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     Paragraph "63" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     In response to the allegations set forth in paragraph "65" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     In response to the allegations set forth in paragraph "70" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

71.     Paragraph "71" of the Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Paragraph "74" of the Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     In response to the allegations set forth in paragraph "76" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Paragraph "78" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

79.     Deny the allegations set forth in paragraph "79" of the Complaint.

80.     In response to the allegations set forth in paragraph "80" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

81.     Paragraph "81" of the Complaint sets forth conclusions of law rather than

averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

82.     Paragraph "82" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

83.     Paragraph "83" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

84.     Paragraph "84" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.

85.     Paragraph "85" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Paragraph "87" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     In response to the allegations set forth in paragraph "89" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

90.     Paragraph "90" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

91.     Paragraph "91" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response

is required, defendants deny the allegations.

92.     Paragraph "92" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

93.     Paragraph "93" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Paragraph "96" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

97.     Paragraph "97" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

98.     Paragraph "98" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.    In response to the allegations set forth in paragraph "100" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

101.    Paragraph "101" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

102.    Paragraph "102" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.  However, to the extent that a response is required, defendants deny the allegations.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.    In response to the allegations set forth in paragraph "104" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Paragraph "109" of the Complaint contains conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    In response to the allegations set forth in paragraph "111" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Complaint.

117.    In response to the allegations set forth in paragraph "117" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if

fully set forth herein.

118.    Paragraph "118" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.

119.    Paragraph "119" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.  However, to the extent that a response is required, defendants deny the allegations.

120.    Paragraph "120" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.  However, to the extent that a response is required, defendants deny the allegations.

121.    Paragraph "121" of the Complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required.  However, to the extent that a response is required, defendants deny the allegations.

122.    Deny the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint.

124.    In response to the allegations set forth in paragraph "124" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

125.    Deny the allegations set forth in paragraph "125" of the Complaint.

126.    Deny the allegations set forth in paragraph "126" of the Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

129.    The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

130.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

131.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

132.    Plaintiff failed to mitigate his alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

133.    Plaintiff provoked or was at fault for the alleged incidents.

## SIXTH AFFIRMATIVE DEFENSE

134.    Punitive damages cannot be assessed as against City of New York and/or the individual defendants in their official capacities.

## SEVENTH AFFIRMATIVE DEFENSE

135.    The individual defendants acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

136.    There was probable cause for plaintiff's arrest, detention, and/or prosecution.

## NINTH AFFIRMATIVE DEFENSE

137.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful

discretion.  Therefore, defendant City of New York has governmental immunity from liability.

## TENTH AFFIRMATIVE DEFENSE

138.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50-e, 50-h and/or 50-i.

## ELEVENTH AFFIRMATIVE DEFENSE

139.    Plaintiff may have failed to fulfill the conditions precedent to suit.

## TWELFTH AFFIRMATIVE DEFENSE

140.    This action may be barred in whole or in part by the applicable statute of limitations.

WHEREFORE, defendants City of New York, Jaclyn Rodney, and Helin Marte, demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                September 10, 2019

                                        GEORGIA M. PESTANA
                                        Acting Corporation Counsel of the City of New York
                                        *Counsel for Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2360

                                        By:     _____/s/_____
                                                Qiana Smith-Williams, Esq.
                                                *Senior Counsel*

TO:     **<u>BY ECF</u>**
        Sim & DePaola, LLP.
        *Attorneys for Plaintiff*
        4240 Bell Boulevard, Suite 201
        Bayside, NY 11361
        Tel: (718) 281-0400
        Fax: (718) 631-2700