

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**LAURA IHEANACHOR**
Assistant Corporation Counsel
liheanac@law.nyc.gov
Phone: (212) 356-2368
Fax: (212) 356-3509

April 1, 2020

**BY ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    <u>Allen Bell v. City of New York, et al.</u>
              19 Civ. 5868 (NRB) (BCM)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matter. City Defendants write to respectfully request a ninety (90) day stay of this litigation, including all scheduled deadlines and discovery, in light of the current pandemic. Plaintiff's counsel consents to this request.

      As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. Further, on March 20, 2020, Governor Cuomo signed the "New York State On Pause" Executive Order, mandating that all non-essential personnel stay at home. In light of pronouncements from government officials, associated policies, expert recommendations, and the citywide efforts to curb the further spread of COVID-19, the New York City Law Department, has transitioned the majority of its workforce to work from home status.

      Due to the fact that the aforementioned recent developments have caused this Office, as well as a significant number of employers in the City of New York, to reduce its in office workforce to essential employees only, there has been a disruption in normal business function that has affected the undersigned's ability to defend this matter, including, but not limited to, obtaining relevant documents, preparing defendants for deposition, and conducting depositions. The logistical challenges of arranging for remote depositions are particularly significant. Remote depositions are simply an inadequate substitute for an in-person depositions; courts in

this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

Accordingly, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19. Thank you for your consideration herein.

Respectfully submitted,

*Laura Iheanachor* /s/
Laura Iheanachor
Assistant Corporation Counsel

cc:   All Counsel of Record (ECF)

Application granted.
Dated: April 3, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE