

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**LAURA IHEANACHOR**
Assistant Corporation Counsel
liheanac@law.nyc.gov
Phone: (212) 356-2368
Fax: (212) 356-3509

January 19, 2021

**BY ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                        Re:     Allen Bell v. City of New York, et al.
                                  19 Civ. 5868 (NRB) (BCM)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York and assigned to represent defendants in this matter. Defendants respectfully write pursuant to Rule 2(b) of the Court's Individual Rules to request a pre-motion conference to discuss defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Alternatively, defendants request that Your Honor endorse the briefing schedule set forth herein. Defendants respectfully provide the basis for the motion as follows:

### I.     Relevant Facts and Procedural History

       On February 10, 2018, at approximately 5:25 p.m., Police Officers Jaclyn Rodney and Helin Marte were conducting interior patrols within 1760 Lexington Avenue, which is a New York City Housing Authority residential building. Therein the officers observed plaintiff standing near the resident mailboxes. The officers approached plaintiff and asked if he lived in the building, to which he responded that he did not. The officers then informed plaintiff that he could not loiter or be inside of the building unless he was there to visit a resident. In response, plaintiff told the officers that he was there to visit a friend. However, he did not provide the officers with a name or apartment number of any resident in order for the officers to verify his guest status. Thereafter, plaintiff was placed under arrest. Plaintiff was arraigned on various trespass charges and subsequently released on his own recognizance.

       On February 23, 2018, at approximately 9:35 p.m., Officers Rodney and Marte were part of a group of officers who responded to 1760 Lexington Avenue to investigate whether individuals were

gambling in the building's lobby.[1] By the time that defendants entered the building, plaintiff and three other individuals in the lobby had already been stopped by other officers. From the group collectively, dice and money were recovered. The officers recognized plaintiff – having arrested him only two weeks prior for trespass – and after learning that none of the other three individuals were residents of the building who could afford plaintiff lawful guest status, he was placed under arrest. After arrest processing, plaintiff was arraigned on charges of trespass and loitering for the purpose of gambling and subsequently released on his own recognizance.

On August 1, 2018, both of the criminal prosecutions against plaintiff were dismissed. The charges associated with the February 10, 2018 arrest were dismissed on speedy trial grounds while the charges associated with the February 23, 2018 arrest were dismissed on motion of the New York County District Attorney's Office. Plaintiff subsequently commenced this action for false arrest, assault and battery, excessive force, malicious prosecution, failure to intervene, malicious abuse of process, negligent hiring, retention and supervision, and municipal liability on June 21, 2019.[2]

## II.   Legal Basis for Defendants' Anticipated Motion

### A. Plaintiff's Arrests Were Supported by Probable Cause

Plaintiff brings claims for false arrest pursuant to federal and state law in relation to his arrests on February 10, 2018 and February 23, 2018. To state a claim for false arrest, a plaintiff must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (quoting Bernard, 25 F.3d at 102). "Probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Id. There is probable cause to arrest where an individual admits that he does not reside in a building and also fails to identify a resident who can confirm that such individual is an invited guest. See Greene v. Bryan, 2018 U.S. Dist. LEXIS 122725, *31 (E.D.N.Y. July 23, 2018).

Here, there is no dispute that on February 10, 2018 and February 23, 2018, plaintiff was not a resident of 1760 Lexington Avenue. Additionally, by plaintiff's own admission he did not provide the defendant officers with the name or apartment number of the individual he was allegedly inside the building to visit on either occasion. Accordingly, there was probable cause to arrest plaintiff for trespass on both occasions. Further, although the defendant officers did not observe plaintiff throwing dice, based on the fellow officer rule, there was probable cause to arrest plaintiff based on the initial report of suspected gambling, that fellow officers had already stopped plaintiff for gambling when the defendant

---

[1] The suspected gambling was first observed and reported by Captain Amir Yakatally.

[2] Defendants reserve the right to raise additional arguments in their motion. Due to space constraints, defendants do not discuss plaintiff's claims for failure to intervene, malicious abuse of process, assault and battery, negligent hiring, retention and supervision, and municipal liability here but will do so in their motion. Defendants note that plaintiff has not adduced any evidence to support the aforementioned claims.
.

officers entered the building, and dice were recovered.[3]  Additionally, at a minimum, the defendant officers are entitled to qualified immunity since there was arguable probable to arrest plaintiff for the aforementioned offenses as it cannot be said that no reasonable officer would have arrest plaintiff under those circumstances.

### B. Plaintiff Cannot Satisfy the Malicious Prosecution Standard

In order to state a claim for malicious prosecution, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997) (citation omitted). A heavy burden is placed on a plaintiff to prove each of the four essential elements of a malicious prosecution claim. Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004). As set forth in Point A, *supra*, there was probable cause to prosecute plaintiff for trespass and loitering for the purpose of gambling. Moreover, plaintiff has not adduced evidence to support that the defendant officers acted with malice. As such, plaintiff's malicious prosecution claim should be dismissed.[4]

### C. Plaintiff's Excessive Force Claim Fails

"[I]n evaluating the reasonableness of handcuffing, a Court is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the [plaintiff's] pleas that the handcuffs were too tight; and 3) the degree of *injury to the wrists*." Lynch v. City of Mt. Vernon, 567 F. Supp. 2d 459, 468 (S.D.N.Y. June 13, 2008).[5] "There is a consensus among this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." Id. at 468.[6] By plaintiff's own admission, the only physical contact between himself and the defendant officers was when he was handcuffed on both occasions of his arrest. According to his testimony, he did not complain to the officers that the handcuffs caused him any pain. Moreover, it is not disputed that plaintiff did not suffer any injuries as a result of being handcuffed. As such, plaintiff's excessive force claim fails as a matter of law.

---

[3] See United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2011) ("an arresting officer might not be aware of all the underlying facts that provided probable cause or reasonable suspicion, but may nonetheless act reasonably in relying on information received by other law enforcement officials."); Annnunziata v. City of New York, 06 Civ. 7637 (SAS), 2008 U.S. Dist. LEXIS 42097 (S.D.N.Y. May 28, 2008) ("The 'fellow officer' rule provides that even if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer acts upon the direction of or as a result of communication with a superior or [fellow] officer…provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest.").

[4] As to the federal malicious prosecution claim, plaintiff cannot establish that the dismissal of the prosecution related to his February 10, 2018 arrest was favorably terminated since a dismissal on speedy trial grounds is not a favorable termination. Blount v. City of New York, 2019 U.S. Dist. LEXIS 34969, *13 (S.D.N.Y. Mar. 15, 2019)(. Further, as to the prosecution related to the February 23, 2018 arrest, plaintiff cannot establish an additional deprivation of liberty beyond the February 10, 2018 prosecution and, accordingly, the claim fails for that reason as well.

[5] (quoting Esmont v. City of New York, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005) (emphasis in original) (citing Burchett v. Kiefer, 310 F.3d 937, 944-45 (6th Cir. 2002)).

[6] See also, Wilder v. Vill. Of Amityville, 288 F. Supp. 2d 341, 344 (E.D.N.Y. 2003)

### III. Conclusion

Defendants respectfully request that the Court schedule a pre-motion conference to discuss defendants' anticipated summary judgment motion. Alternatively, defendants respectfully request that the court endorse the following briefing schedule:

- Defendants' moving papers due by February 19, 2021;
- Plaintiff's opposition due by March 19, 2021; and
- Defendants' reply, if any, due by April 2, 2021.

Thank you for your consideration herein.

                                        Respectfully submitted,

                                        *Laura Iheanachor* /s/
                                        Laura Iheanachor
                                        Assistant Corporation Counsel

cc: All Counsel of Record (by ECF)