

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**LAURA IHEANACHOR**
Assistant Corporation Counsel
liheanac@law.nyc.gov
Phone: (212) 356-2368
Fax: (212) 356-3509

February 10, 2021

**BY ECF**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re: Allen Bell v. City of New York, et al.
           19 Civ. 5868 (NRB) (BCM)

Your Honor:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of this matter. Defendants write to respectfully request that the Court order plaintiff to provide the telephone number associated with the cell phone serviced by Boost Mobile which he allegedly used in February 2018.

  As the Court is aware from defendants' previous application, plaintiff testified during his deposition that he used his cellular phone, serviced by Boost Mobile, to call and confer with Nirma Amador prior to visiting her at 1760 Lexington Avenue on February 10, 2018 and February 23, 2018. (ECF No. 35) Defendants previously noted the relevancy of plaintiff's testimony to the question of whether he was an invited guest of Ms. Amador, or, if he was in fact trespassing on both occasions of his arrest. (Id.) The Court granted defendants' December 28, 2020 application for a so-ordered subpoena. On December 30, 2020, defendants subpoenaed plaintiff's Boost Mobile cellular phone records from T-Mobile for the month of February 2018.[1] On January 21, 2021, defendants received a letter from T-Mobile stating that it could not provide the requested records without the telephone number associated with the cellular phone that plaintiff used in February 2018.

---

[1] Boost Mobile is a subsidiary of T-Mobile.

On January 27, 2021, the undersigned emailed plaintiff to request the telephone number that plaintiff was using at the time of both incidents alleged in the Complaint. That same day, plaintiff responded that he is no longer in possession of the cellular phone that he was using in February 2018 and does not remember the telephone number. Plaintiff's representation that he simply does not remember his telephone number from February 2018 without detailing any attempts he has made to locate said information – which is indisputably within his control[2] – is insufficient. Because plaintiff's allegations that he was the invited guest of Ms. Amador on both occasions of his arrest are central to his claims that he was falsely arrested, he should be required to take appropriate steps to locate the telephone number in order to allow defendants to subpoena and review the relevant phone records.

As such, defendants respectfully request that the Court order plaintiff to provide the telephone number for the cellular phone he allegedly used to call and/or text Ms. Amador in February 2018.

Thank you for your consideration herein.

Respectfully submitted,

*Laura Iheanachor* /s
Laura Iheanachor
Assistant Corporation Counsel

cc:  All Counsel of Record (By ECF)

```
There being no opposition, the request is
granted.  The requested cell phone number shall
be provided to the defendant within 10 days
from the date of this Order.

SO ORDERED.
```

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE
Dated:    February 23, 2021
          New York, N.Y.

---

[2] For example, at a minimum, as plaintiff had a consumer relationship with Boost Mobile, he should be able to obtain the number from it.

2